IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STEPHEN A. URIE and ELAINE URIE, dba URIE TRUCKING COMPANY,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>WOLVERINE DRILLING, INC., a North Dakota Corporation, ENCANA OIL & GAS (USA) INC., a Colorado Corporation, FIREMAN'S FUND INSURANCE COMPANY, a California Corporation, DONALD STANLEY NEILSON, an Individual, and DAVID J WITKOWSKI, an Individual,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:04CV01084 DAK |

　　　　This matter is before the court on Defendant David J. Witkowski's Motion to Stay. A hearing on the motion was held on July 25, 2006. At the hearing, Defendant Witkowski was represented by Robert G. Gilchrist and Jordan Kendall, and Plaintiffs were represented by Tim Dalton Dunn. The court took the matter under advisement. The court has considered carefully the memoranda and other materials submitted by the parties, as well as the law and facts relating to the motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

1

**BACKGROUND**

Plaintiffs Stephen A. Urie and Elaine Urie, dba Urie Trucking Company (collectively referred to as "UTC") were hired on or about August 7, 2001 by Defendants Wolverine Drilling, Inc. ("Wolverine") and EnCana Oil & Gas Inc. ("EnCana") to perform work at an oil well site in Uintah County, Utah. On the date that UTC was hired, an accident involving UTC employees occurred on the job site, allegedly injuring Wolverine employees David J. Witkowski ("Witkowski") and Donald Neilson ("Neilson"). After UTC's insurer was served with a workers' compensation subrogation by Defendant Fireman's Fund Insurance Company, UTC filed a Complaint for Declaratory Judgment in this court on November 23, 2004. UTC seeks judgment declaring that UTC and its employees were employees of Wolverine and/or EnCana for purposes of the exclusive remedy provision of the Utah Workers Compensation Act. However, while UTC named Neilson as a defendant, neither UTC's initial Complaint nor their Amended Complaint (filed February 11, 2005) included Witkowski as a defendant.

On July 29, 2005, Witkowski filed a Complaint in the Eighth Judicial District Court in Uintah County ("state court") that named UTC as one of the defendants. On September 28, 2005, UTC answered Witkowski's complaint and listed as an affirmative defense that Witkowski was barred from recovery because UTC was his "statutory employer" under the exclusive remedy provision of the Utah Workers Compensation Act. This affirmative defense is based on the same grounds as the request for declaratory judgment.

On March 6, 2006, over seven months after Witkowski filed his state-court Complaint and over five months after UTC answered it, UTC filed a Second Amended Complaint for Declaratory Judgment in this court. In the Second Amended Complaint, UTC named Witkowski

2

as a defendant. The court granted leave to file the Second Amended Complaint because it purported to be a stipulated motion. However, in UTC's Stipulation and Motion for Leave to File Second Amended Complaint for Declaratory Judgment filed with this court, Witkowski's counsel did not sign the stipulation. While Witkowski does not argue this fact, he was apparently named as a defendant without agreeing to be. Regardless, Witkowski now motions to stay this action until the state-court action is resolved.

## DISCUSSION

Witkowski argues that UTC's claims should be stayed on the ground that the same issues that UTC seeks to resolve with respect to Witkowski in this federal action are currently pending before the state court as an affirmative defense. Witkowski bases his argument on *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), in which the Supreme Court upheld a district court's decision to dismiss a suit for declaratory judgment where there was a pending state-court proceeding because "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another is pending in state court presenting the same issues, not governed by federal law, between the two parties." *Id.* at 495; *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995) (reaffirming the holding in *Brillhart*).

UTC argues that *Brillhart* does not require a federal court action to be dismissed or stayed because of the existence of a parallel state-court action, but merely gives the court discretion. UTC relies on *State Farm Fire and Casualty Co. v. Mhoon*, 31 F.3d 979 (10th Cir. 1994), in which the court upheld a declaratory judgment action despite a pending state action because "[t]he Federal District Court was an available forum to State Farm, and on the facts

3

before [the court it saw] no reason why the declaratory judgment should not have proceeded as it did." *Id.* at 984. UTC bases its argument on the five factors that the Tenth Circuit established for trial judges when deciding whether to hear a declaratory judgment:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for the race to res judicata'; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Id.* at 983 (quoting *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir. 1987)). UTC argues that this case is analogous to *Mhoon*, and that the factors should similarly lead to denying the motion in this action because this court is "an available forum."

In applying these five factors to the facts of this case, the court finds that this action should be stayed. The court finds that resolution of this action would not settle the state-court controversy. That action would still continue against other defendants. Because this issue will necessarily be addressed in the state-court action, it would be a waste of judicial resources to permit the action to proceed here. Furthermore, because both UTC's declaratory judgment claim in this action and its affirmative defense claim in the state-court action are founded upon the Utah Workers Compensation Act, the issues in question rely solely on state law.

Finally, and most significantly, it also appears that this action "is being used merely for the purposes of 'procedural fencing' or 'to provide an arena for the race to *res judicata*.'" *Mhoon*, 31 F.3d at 983. While UTC filed its initial Complaint before Witkowski filed his state-court Complaint, UTC's Complaint did not include Witkowski. By the time Witkowski was added as a defendant in this current action, UTC had already pled as an affirmative defense in

the state-court action that its employees were employees of Wolverine and/or EnCana for purposes of the exclusive remedy provision of the Utah Workers Compensation Act. These facts strongly indicate that UTC joined Witkowski to this action for the specific purpose of "rac[ing] to *res judicata*." *Id.* This idea is further bolstered by the fact that Witkowski never signed the Stipulation and Motion for Leave to File Second Amended Complaint for Declaratory Judgment. Under such circumstances, it appears that Witkowski did not stipulate to being joined as a defendant in this case and that the Second Amended Complaint, coming over a year after the First Amended Complaint, was instead used as a tool for "procedural fencing."

While this court could use its discretion to dismiss the case entirely, the Supreme Court has indicated that a stay is often the preferable course "because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Wilton*, 515 U.S. at 288. Thus, granting the motion to stay is the appropriate use of this court's discretion.

## CONCLUSION

Defendant Witkowski's Motion to Stay this proceeding as against him is GRANTED. The parties are directed to notify the court when the state-court action has been resolved.

DATED this 3rd day of August, 2006.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge